UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>v.<br>IGNACIO REYES-YANEZ (3),<br><br>                       Defendant. | Case No. 16cr1283-MMA-3<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>[Doc. No. 292] |

      On August 2, 2017, a jury found Defendant Ignacio Reyes-Yanez guilty of conspiring to distribute more than 50 grams of methamphetamine in violation of Title 21, United States Code, sections 841(a)(1) and 846. *See* Doc. No. 227. On February 26, 2018, the Court entered a judgment committing Defendant to the custody of the Federal Bureau of Prisons for a total term of 180 months. *See* Doc. No. 260. Defendant is currently serving his custodial term at the Federal Correctional Institute in Herlong, California. According to the Bureau of Prisons, his current anticipated release date is April 3, 2029.[1] Defendant, proceeding *pro se*, now moves the Court for a reduction in sentence pursuant to section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132

---

[1] *See* Federal Bureau of Prisons Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed 7/23/2020).

Stat. 5194.[2] *See* Doc. No. 292. For the reasons set forth below, the Court **DENIES** the motion.[3]

## DISCUSSION

Title 21, section 841(b)(1)(A), sets a mandatory minimum of ten years' imprisonment for anyone convicted of manufacturing or distributing certain amounts of controlled substances, including cocaine and cocaine base. *See* 21 U.S.C. § 841(b)(1)(A)(ii)-(iii). In 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372, which amended section 841(b)(1)(A) to reduce the disparity between the amounts of cocaine versus cocaine base needed to trigger the associated mandatory minimum custodial terms. *See Dorsey v. United States*, 567 U.S. 260, 268–69 (2012).

In December 2018, Congress enacted the First Step Act, which, *inter alia*, authorizes district courts to resentence defendants based on the Fair Sentencing Act's revised statutory penalties for offenses involving cocaine base. Specifically, section 404 provides:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed.

First Step Act § 404(b). "A covered offense is 'a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010.'" *United States v. Kelley*, 962 F.3d 470, 472 (9th Cir. 2020) (citing First Step Act § 404(a)).

---

[2] A district court may "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). The First Step Act constitutes such a statute and thus authorizes a court to modify a sentence consistent with the express terms of the Act.

[3] The Court finds this motion suitable for determination without a response from the government.

Here, the Court did not impose a sentence for a "covered offense." First, Defendant was convicted and sentenced for conspiring to distribute more than 50 grams of methamphetamine – neither the Fair Sentencing Act nor section 404 of the First Step Act amended section 841(b)(1)(A)(viii), which sets forth the amount of methamphetamine necessary to trigger the ten-year mandatory minimum term of imprisonment associated with its distribution. Second, Defendant was convicted on Count 2 of a Superseding Indictment charging him with conspiring to distribute methamphetamine between March 22, 2015 and May 1, 2016. *See* Doc. No. 150. As such, Defendant did not commit the offense for which he was convicted "before August 3, 2010." *See* First Step Act § 404(a). In short, neither the Fair Sentencing Act nor section 404 of the First Step Act have any application to Defendant's offense, conviction, or sentence. As such, neither statute authorizes this Court to reduce Defendant's sentence.[4]

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion to reduce his sentence.

**IT IS SO ORDERED**.

DATE: July 24, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge

---

[4] In the absence of any legal basis for reducing Defendant's sentence, he is not entitled to the evidentiary hearing he requests.