# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>v.<br><br>IGNACIO REYES-YANEZ (3),<br><br>                       Defendant. | Case No. 16cr1283-MMA-3<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>[Doc. No. 340] |

       On August 2, 2017, a jury found Defendant Ignacio Reyes-Yanez guilty of conspiring to distribute more than 50 grams of methamphetamine in violation of Title 21, United States Code, sections 841(a)(1) and 846. *See* Doc. No. 227. On February 26, 2018, the Court entered judgment, committing Defendant to the custody of the Federal Bureau of Prisons for a total term of 180 months. *See* Doc. No. 260. Defendant is currently serving his custodial term at the Federal Correctional Institute in Herlong, California. According to the Bureau of Prisons, his current anticipated release date is April 3, 2028.[1] Defendant, proceeding *pro se*, moves for a reduction in sentence pursuant

---

[1] *See* Federal Bureau of Prisons Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited Oct. 22, 2024).

to 18 U.S.C. § 3582(c)(1)(A). *See* Doc. No. 340. The Court determined that the matter was not suitable for summary disposition and the government filed a response in opposition to Defendant's motion. *See* Doc. No. 349. For the reasons set forth below, the Court **DENIES** Defendant's motion.

## DISCUSSION

This is Defendant's second motion for compassionate release. On December 11, 2023, Defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon a retroactive application of Amendment 821. Doc. No. 330. The Court denied his motion, finding that Defendant was not sentenced pursuant to any of the since-amended guidelines. Doc. No. 339. Defendant now seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Doc. No. 340.

**A.   Relevant Law**

In 1984, Congress authorized courts to reduce a federal inmate's term of imprisonment under the criteria set forth in 18 U.S.C. § 3582(c)(1)(A) as part of the Comprehensive Crime Control Act. Under its original terms, only the Director of the Bureau of Prisons was authorized to file such a motion pursuant to section 3582(c)(1)(A). The First Step Act went into effect on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 603(b) of the First Step Act modified section 3582(c)(1)(A), which now provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant* after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; []

> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Many years prior to the First Step Act, the United States Sentencing Commission published a policy statement addressing the standards for early release. *See* U.S.S.G. § 1B1.13. For years, the governing law in the Ninth Circuit was that section 1B1.13 "is not an 'applicable policy statement[]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), *accord United States v. Elias*, No. 20-3654, 2021 U.S. App. LEXIS 251, at *2 (6th Cir. Jan. 6, 2021); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281–21 (4th Cir. 2020).

However, the Sentencing Guidelines were recently amended to, effective November 1, 2023, extend the applicability of the policy statement to defendant-filed motions. *See* U.S.S.G. § 1B1.13(a). The policy statement identifies categories of extraordinary and compelling reasons that, either individually or in the aggregate, can be considered when determining whether to grant a reduction in sentence: medical circumstances, age, family circumstances, abuse, *id.* § 1B1.13(b)(1)–(4). The policy statement also contains a catchall, "other" provision, *id.* § 1B1.13(b)(5), and a provision permitting courts to consider a change in the law if the defendant was sentenced to an "unusually long sentence" and has served at least 10 years, *id.* § 1B1.13(b)(6). Otherwise, the policy statement provides that a change in the law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement" but may be considered when determining the extent of a reduction. *Id.* § 1B1.13(c).

//

B.      Analysis

As a threshold matter, the Court finds that Defendant has exhausted his administrative remedies. Courts have jurisdiction over a sentence reduction motion only if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring [such] a motion on [their] behalf"; or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).

Defendant submitted a request for compassionate release to the Warden at FCI Herlong on May 31, 2024. Doc. No. 340 at 26. It appears that the Warden either denied that request, Doc. No. 349 at 3, or more than 30 days elapsed without a response. Accordingly, the parties do not dispute, and the Court finds that Defendant has properly brought this motion. *See id.* ("Thus, Defendant has properly exhausted BOP's administrative remedies). The Court has jurisdiction and proceeds to consider Defendant's motion on the merits.

Defendant asks the Court to reduce his sentence based upon six circumstances he contends satisfy the extraordinary and compelling standard: (1) untreated medical circumstances; (2) COVID-19; (3) changes in law; (4) other reasons; (5) positive institutional adjustment; and (6) rehabilitation. Doc. No. 340 at 2–5.

The Sentencing Commission has explained that terminal illnesses, serious conditions or impairments or deteriorating health that diminishes the ability to provide self-care, and conditions that require long-term or specialized medical care that is not being provided and without which poses a serious risk to one's health or even death may be considered extraordinary and compelling medical circumstances. 18 U.S.C. § 1B1.13(b)(1). Defendant's circumstances do not rise to this level. None of his conditions or ailments are terminal, nor do they pose the type of risk of inability to provide self-care that is contemplated by the policy statement. Moreover, to the extent Defendant argues he is not receiving adequate treatment for these conditions, his position

is belied by the medical records, which shows years of medical visits, treatment, and medication. Gov. Exs. A–C.

Further, his medical conditions when combined with COVID-19 similarly do not amount to extraordinary and compelling. The policy statement provides that in order for COVID-19, or another infectious disease, to among to extraordinary and compelling, the following circumstances must be present:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> (iii) such risk cannot be adequately mitigated in a timely manner.

18 U.S.C. § 1B1.13(b)(1)(D).

Even assuming Defendant has personal medical risk factors that put him at an increased risk of complications or death, the serious risks posed by COVID-19 have been largely eradicated, including within the Bureau of Prisons system. According to the Bureau of Prisons, there are no active cases of COVID-19 among inmates and staff at FCI Herlong and no COVID-related deaths.[2] So there is no imminent risk of infection to Defendant.

Next, Defendant argues that changes in the law support his request for compassionate release. The Court agrees with the government that it appears Defendant would not receive a lesser sentence today based upon the changes to the career offender enhancement. Regardless, Defendant has not served more than 10 years in custody. So

---

[2] *See* Federal Bureau of Prisons Inmate COVID-19 Data, available at https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last updated Sept. 30, 2024).

even assuming any subsequent changes in the law would "produce a gross disparity between the sentence being served and the sentence imposed at the time the motion is filed," the Court is prohibited from considering such changes. 18 U.S.C. § 1B1.13(b)(6).

It is not clear what "other reasons" Defendant believes are extraordinary and compelling, but the Court finds that none of the circumstances Defendant presents in his motion are "similar in gravity" to the categories of circumstances listed in § 1B1.13(b)(1)–(4). 18 U.S.C. § 1B1.13(b)(5). Finally, Defendant contends that his "positive institutional adjustment" and rehabilitation are extraordinary and compelling. While Defendant's efforts are commendable, the Court has not found any extraordinary or compelling circumstances elsewhere and "rehabilitation of the defendant is not, by itself, and extraordinary and compelling reason." *Id.* § 1B1.13(d).

Consequently, the Court finds that none of the circumstances, either individually or in the aggregate, amount to extraordinary and compelling reasons to reduce Defendant's sentence consistent with the Sentencing Commission's policy statement.

Even assuming Defendant demonstrated extraordinary and compelling circumstances, the Court must still find that he does not pose a danger to the safety of others, 18 U.S.C. § 3142(g), and that the sentencing factors support granting a sentence reduction, *id.* § 3553(a).

Defendant's conviction offense in this case, while non-violent, was extremely serious. Defendant was involved at every level of the underlying drug trafficking conspiracy, from obtaining the drugs from Mexico, recruiting body carriers to transport the drugs across the border, and finding customers here in the United States. Moreover, his lengthy criminal history includes multiple felony convictions including robbery, firearm and drug charges, and assault on a federal officer. *See* Doc. No. 4250 at 13–17. These offenses, together with his assumption of another's identity, documented association with an international drug trafficking organization, and multiple prior arrests and convictions for crimes against the community, indicate that there is a risk of danger to the community. *See* Doc. No. 250.

These facts also weigh heavily against granting release when considering the sentencing factors. 18 U.S.C. § 3553(a)(2)(A) ("the need for the sentence imposed . . . to reflect the seriousness of the offense"); *id.* § 3553(a)(1) ("the history and characteristics of the defendant"); *id.* § 3553(a)(2)(B) ("to afford adequate deterrence to criminal conduct"), the Court finds that those factors weigh against granting Defendant's request for early release.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion for a reduction in sentence.

**IT IS SO ORDERED**.

Dated: October 24, 2024

HON. MICHAEL M. ANELLO
United States District Judge